**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIKE PIERRE,

    Plaintiff,

v.                                                                                    Case No: 6:15-cv-709-Orl-40DAB

LITTLE NEW ORLEANS 1 KITCHEN
AND OYSTER BAR, L.L.C.,

    Defendant.

## ORDER

This Fair Labor Standards Act case comes before the Court on Plaintiff's Amended Motion for Entry of Final Judgment and for Attorney's Fees and Costs (Doc. 13), filed August 3, 2015. On October 2, 2015, Magistrate Judge David A. Baker issued a report recommending that Plaintiff's motion be denied and that his FLSA claims be dismissed. (Doc. 14). On October 15, 2015, Plaintiff objected to Magistrate Judge Baker's Report and Recommendation. (Doc. 15). The matter is now ripe for review.

**I.   BACKGROUND**

Plaintiff initiated this lawsuit on May 4, 2015 to recover unpaid minimum and overtime wages from Defendant. Plaintiff worked for Defendant as a cook from approximately December 2014 to January 2015. (Doc. 1, ¶ 14). Plaintiff states that, although he worked more than forty hours every week, Defendant paid him a flat rate regardless of the number of hours he worked. (*Id.* ¶¶ 16–17). As a result, Plaintiff claims that Defendant did not pay him overtime wages at the statutorily required rate and that Plaintiff did not receive the federal minimum wage for all hours worked. (*Id.* ¶¶ 16, 18).

Plaintiff served his Complaint on Defendant on May 19, 2015. Defendant ultimately failed to respond and Plaintiff promptly secured Defendant's default. Plaintiff now applies for a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). After reviewing Plaintiff's motion for default judgment, Magistrate Judge Baker issued a report recommending that Plaintiff's motion be denied and that this lawsuit be dismissed. Magistrate Judge Baker concludes that Plaintiff cannot state a claim for individual coverage under the FLSA because he was not "engaged in the production of goods for commerce" while working for Defendant. Although Plaintiff now seeks the undersigned's review of Magistrate Judge Baker's recommendation, the Court does not reach the issue, as Plaintiff's motion is due to be denied on other grounds.

**II.   STANDARD OF REVIEW**

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam).

## III. DISCUSSION

A plaintiff may seek a default judgment against a defendant who "has failed to plead or otherwise defend" against his claims. Fed. R. Civ. P. 55(a). Although not addressed by Magistrate Judge Baker in his report, a district court must first be satisfied that the defendant was properly served or has waived service of process before entering a default judgment. *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (per curiam). Indeed, due process demands that all interested parties be afforded notice of the proceedings against them and an opportunity to respond. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). A district court therefore has no power to render judgment against a defendant who has not been properly served, and any judgment entered in such a case would be void ab initio. *Id.*

Federal Rule of Civil Procedure 4 governs service of process for lawsuits filed in federal court, and the burden of showing that service of process was properly effected on a defendant rests with the plaintiff. *Lazaro v. U.S. Dep't of Agric.*, 186 F. Supp. 2d 1203, 1217 (M.D. Fla. 2001). With respect to a limited liability company such as the Defendant in this case, Rule 4 requires service of process to be accomplished in one of the following three ways: (1) by requesting that the company waive service, (2) by following the service rules of the state in which the lawsuit is filed or in which service is to be made, or (3) by delivering a summons and the Complaint to an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf. Fed. R. Civ. P. 4(d), (h)(1).

In his motion for default judgment, Plaintiff does not explain how service of process was proper in this case. A review of the summons issued by the Court and the proof of service filed by Plaintiff shows that service was to be made on Defendant's registered

agent, James D. Aitken, but was actually made on his wife, Kim Aitken.  (Docs. 2, 8). Additionally, Plaintiff has not filed a waiver of service executed by Defendant and does not otherwise contend that Defendant has waived service of process.  Since the spouse of a company's registered agent is not one of the individuals who may accept service of process on the company's behalf under Rule 4 and Defendant has not waived service of process, the Court concludes that Plaintiff must have attempted to serve Defendant by following state service rules.

In Florida, service on a limited liability company is governed by section 48.062, Florida Statutes.  That statute provides a hierarchy of persons who may accept service on behalf of the company.  First, process may be served on the company's registered agent or an employee of the registered agent if the registered agent is temporarily absent from his office.  Fla. Stat. § 48.062(1).  If service cannot be made on the registered agent or his employee, process may then be served on any member of a member-managed company, any manager of a manager-managed company, or any employee designated by the company to accept service of process.  *Id.* § 48.062(2).  If service cannot be effected under these first two provisions, process may be served as a last resort on the Secretary of State for the State of Florida.  *Id.* § 48.062(3).  No matter how service of process is accomplished, Florida law is clear that strict compliance with these service rules is required.  *BoatFloat, LLC v. Cent. Transp. Int'l, Inc.*, 941 So. 2d 1271, 1273 (Fla. Dist. Ct. App. 2006).

As described above, the proof of service filed by Plaintiff states that service of process was perfected on the wife of Defendant's registered agent.  (Doc. 8).  However,

without more information,[1] the spouse of a registered agent is not any of the individuals who may accept service of process for a limited liability company in Florida. *See Accident Ins. Co. v. Blue Sky Contracting, Inc.*, No. 3:12-cv-995-J-25MCR, 2013 WL 1881415, at *2 (M.D. Fla. May 6, 2013) (holding that service on the spouse of a registered agent is not proper); *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 426 (Fla. Dist. Ct. App. 1980) (same). Plaintiff has therefore failed to prove that he served Defendant with this lawsuit and his motion for default judgment must be denied for this reason.

The Court does not reach the merits of Plaintiff's objection to Magistrate Judge Baker's Report and Recommendation. Nevertheless, the Court notes that Plaintiff requests leave to amend his Complaint should his motion for default judgment be denied so he can fix certain pleading deficiencies. The Court will accordingly grant Plaintiff fourteen days to amend. *See* Fed. R. Civ. P. 15(a)(2).

## IV.  CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Motion for Entry of Final Judgment and for Attorney's Fees and Costs (Doc. 13) is **DENIED**. Plaintiff may file a second amended motion for default judgment within **fourteen (14) days** of this Order which explains how service of process was properly made on Defendant.

---

[1] The Court emphasizes that the only information provided by Plaintiff's proof of service is that Ms. Aitken is the spouse of Defendant's registered agent. It is possible that Ms. Aitken is also an employee of the registered agent, a member or manager of Defendant, or an employee who Defendant has designated to accept service. The Court additionally recognizes that the address provided for Defendant's registered agent could be a residence or a private mailbox, which could permit service on the registered agent's spouse under section 48.062(4), Florida Statutes. However, there is no information in the record which would allow the Court to conclude that service was proper on any of these grounds.

Alternatively, Plaintiff may file an Amended Complaint within **fourteen (14) days** of this Order and perfect service of process on Defendant in the manner and within the time required by Federal Rule of Civil Procedure 4.

2. Magistrate Judge Baker's October 2, 2015 Report and Recommendation (Doc. 14) is **TERMINATED AS MOOT**.

3. Plaintiff's Objection to Magistrate Judge's Report and Recommendation on Plaintiff's [Amended] Motion for Default Judgment (Doc. 15) is **OVERRULED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on February 24, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record
Unrepresented Parties