# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MIKE PIERRE,

        **Plaintiff,**

v.                                      **Case No:   6:15-cv-709-Orl-40DAB**

LITTLE NEW ORLEANS 1 KITCHEN
AND OYSTER BAR, L.L.C.,

        **Defendant.**

## REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **SECOND AMENDED MOTION FOR FINAL JUDGMENT (Doc. 18)**
>
> **FILED:**    **March 4, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and his claim be **DISMISSED** for lack of jurisdiction under the FLSA.

Plaintiff sued Defendant for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, et seq., herein "the FLSA"). Doc. 1. Following service of process (Doc. 8) on May 19, 2015, Defendants failed to appear, Plaintiff moved for entry of a clerk's default (Doc. 9), and the Clerk entered default on June 15, 2015 (Doc. 10). Plaintiff subsequently moved for a default judgment (Doc. 11).

---

[1] This Report and Recommendation is identical to the one entered on October 2, 2015 (Doc. 14), with the additional updated procedural history and a notation that the LLC was properly served.  *See* footnote 2*, supra.*

On July 1, 2015, the Court entered an Order denying Plaintiff's Motion for several deficiencies.  Plaintiff's Declaration contained arithmetic and calculation errors, and he failed to provide a factual basis for finding his employment qualified under the FLSA or that he was engaged in interstate commerce or employed by an enterprise engaged in commerce.  Doc. 12.  Plaintiff subsequently filed an Amended Motion for Default Judgment for wages and overtime owed, fees and costs incurred, and has filed his supporting Declaration (Doc. 13).   Because Plaintiff had failed in both the Motion and in the Declaration to set forth an adequate basis for finding he was "engaged in interstate commerce," it was respectfully recommended that Plaintiff's Motion be denied for lack of jurisdiction under the FLSA.  Doc. 14.   On February 24, 2016, District Judge Byron denied the Motion without prejudice and terminated the Report and Recommendation, seeking an explanation from Plaintiff of how service of process was proper in this case when it was served on the registered agent's wife, Kim Aitken; alternatively, Plaintiff was granted leave to file an amended complaint, which he chose not to do.  Doc. 16.   According to public records, Ms. Aitken is also a member of the LLC[2].

Now, on this third default motion, Plaintiff has filed the nearly-verbatim[3] Amended Motion for Entry of Final Judgment, with the only addition being a couple of paragraphs regarding service of process; Plaintiff's affidavit from July 29, 2015 is exactly the same and the legal analysis is unchanged.  Doc. 18-1.  The issue of lack of FLSA coverage is still not adequately addressed in the face of binding precedent; therefore, it is respectfully recommended that Plaintiff's Motion be **DENIED** and his claim be **DISMISSED** for lack of jurisdiction under the FLSA.

---

[2] The Court previously determined that the LLC was properly served based on information available on the Florida Department of State, Division of Corporations website, www.sunbiz.org, showing that Kim Aitken is listed as a member of the LLC and, thus, subject to service on behalf of the limited liability company. *See* Fla. Stat. § 48.062(2) (service can be made on any member of a member-managed company if it cannot be made on the registered agent or the agent's employee).   However, given Plaintiff's insurmountable issue of individual coverage under the FLSA, no discussion regarding service was included in this case because default had already been properly entered by the Clerk.

[3] *Compare* Doc. 13 at 3-4 *to* Doc. 18 ¶ 7.

**ANALYSIS**

Plaintiff was employed as a cook by Defendant Little New Orleans 1 Kitchen and Oyster Bar, LLC, from December 2014 to January 16, 2015, for approximately six weeks; his job duties included preparing dishes for Defendant's customers. Doc. 18-1, Pierre Decl. ¶ 2. During his employment, he worked approximately 12 hours per day and every day of the week averaging about 84 hours per week. *Id*. ¶ 3. Plaintiff filed suit under the FLSA after he was only paid for his first week of work and not for the other five weeks or for his overtime. *Id*. ¶ 4.

Plaintiff has alleged he was an "employee" of Defendant and Defendant was an "employer" within the meaning of the FLSA. *Id.* ¶ 11. Plaintiff alleged in the Complaint that at all material times relevant to the action, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA. Doc. 1 ¶ 8. Thus, Plaintiff is alleging "individual" rather than "enterprise" coverage under the FLSA.

For an employee to be individually covered under the FLSA, that employee must be "engaged in commerce" or "engaged in the production of goods for commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). Under the FLSA, an employee is engaged in the production of goods for commerce when she is employed in "producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j). Although not defined by the FLSA, the term "handled," when used for individual FLSA coverage, has been defined by the Supreme Court to mean "every kind of incidental operation preparatory to putting goods into the stream of commerce." *W. Union Tel. Co. v. Lenroot*, 323 U.S. 490, 503 (1945) (emphasis added). An employee bears the burden of establishing that he was engaged in interstate commerce. *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F.Supp.2d 1282 (M.D.Fla. 2005).

In his declaration, Plaintiff alleges that he was engaged in the "production of goods for commerce" because he "routinely and regularly used and/or handled items moving in the stream of commerce including, 'preparing various menu options that contain snow crab legs, non-native fish, and Cajun specialties. While working as a cook, I also routinely and regularly used kitchen equipment, utensils, and cleaning products that moved in the stream of commerce.'" Doc. 18-1, Pierre Decl. ¶¶ 7-8.   He argues in the Motion that by alleging handling the snow crab legs, non-native fish, and Cajun specialties, he was engaged in operations incidental to putting goods into the stream of commerce, which is sufficient to support Plaintiff's claims for individual coverage under the FLSA.   Doc. 18 ¶ 7.

As the Court now pointed out **twice** previously--in the Order denying Plaintiff's original Motion for Judgment (Doc. 11) and the Report and Recommendation to deny the Amended Motion (Doc. 14), Plaintiff did not provide the factual basis for finding his employment qualified under the FLSA or that he was engaged in interstate commerce[4].   Numerous courts, including the Supreme Court of the United States and the Eleventh Circuit, have held that restaurant cooks are not considered to be "engaged in commerce" to qualify for individual coverage under the FLSA. *McLeod v. Threlkeld*, 319 U.S. 491, 492-98 (1943) (holding railroad cook serving meals to workmen repairing the tracks was not "engaged in commerce" for purposes of FLSA coverage where cook was not in the "channels of interstate commerce," such as operating or maintaining transportation facilities); *Martinez v. Palace*, 414 Fed. Appx. 243, 244 (11th Cir. 2011) (per curiam) (affirming ruling that cook employed by a small, locally-owned restaurant was not engaged in commerce for purposes of individual coverage under the FLSA even if he handled food products and tools that had traveled in commerce)[5].

---

[4] Plaintiff clarifies that he is alleging jurisdiction under the FLSA solely on the basis of individual coverage. Doc. 18 ¶ 7.

[5] Unpublished opinions of the Eleventh Circuit constitutes persuasive, and not binding, authority.   *See* 11th Cir. R. 36-2 and I.O.P. 6.

Whether an employee is engaged in the FLSA's definition of "production of goods"—as Plaintiff alleges—is determined by "the definitions which Congress has supplied to make clear what is meant by 'production,' by 'goods,' and by 'commerce,'" found in 29 U.S.C. § 203. 29 C.F.R. § 776.14. Considering these definitions, there are "three interrelated elements of coverage to be considered in determining whether an employee is engaged in the production of goods for commerce," *i.e.*, (a) production, (b) production of goods, and (c) production of goods for commerce. *Id.*

In the similar case of *Licht v. Beta Eta Chapter of Kappa Alpha Order*, the court held that a cook's claims did not fall under the FLSA because she did not "produce goods for interstate commerce" where she worked preparing meals for a fraternity and the meals did not continue in the stream of commerce as the fraternity members were the ultimate consumers. No. Civ-09-12, 2010 WL 654329 (W.D.Okla. Feb. 10, 2010).   The court explained that the local meals prepared by the cook did not continue in the stream of commerce as the fraternity members were the ultimate consumers and such a cook did not produce "goods" because the definition of "goods . . . does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i). *Id.*

Plaintiff argues (once again) that he "handled" certain types of food apparently not native to the state of Florida (which implicitly traveled to Florida through interstate commerce), *i.e.*, "snow crab legs, non-native fish, and Cajun specialties," however, these "goods," once cooked by Plaintiff, were consumed locally and were not "handled" or "produced for interstate commerce." *See, e.g., Martin v. Briceno*, 2014 WL 2587484 (S.D.Fla. June 10, 2014) (rejecting claims by cooks that they fell under the FLSA because they did not directly participate in the movement of persons or thing in interstate commerce); *Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646 *2 (S.D.Fla. Nov. 30, 2007) (merely cooking food to be served in a local restaurant that passed in interstate commerce prior to arriving at the restaurant does not amount to the cook being engaged in commerce for

individual coverage); *Monelus v. Tocodrian*, 598 F.Supp.2d 1312 (S.D.Fla. 2008) (employee's work as a cook who handled food that may have traveled in interstate commerce was not sufficient for individual coverage); *cf. Joseph v. Nichell's Caribbean Cuisine, Inc*., 862 F.Supp.2d 1309, 1312 (S.D.Fla. 2012) (no "individual coverage" under FLSA existed over claims by waiters or cashiers who served food or beverages prepared with ingredients that had crossed state lines).

Because Plaintiff has failed in the Second Amended Motion (Doc. 18) to set forth an adequate basis for finding he is an individual "engaged in interstate commerce," it is respectfully recommended that Plaintiff's Second Amended Motion be **DENIED** and his claim be **DISMISSED** for lack of jurisdiction under the FLSA.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 8, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy