**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIKE PIERRE,**

      **Plaintiff,**

**v.**                                     **Case No.  6:15-cv-00709-PGB-DAB**

**LITTLE NEW ORLEANS 1 KITCHEN**
**AND OYSTER BAR L.L.C.,**

      **Defendant.**

_____/

**OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S SECOND AMENDED MOTION FOR DEFAULT JUDGMENT**

Plaintiff, pursuant to Rule 72(b), Federal Rules of Civil Procedure, respectfully submits his objection to the Report and Recommendation ("the R&R") by the Magistrate Judge on Plaintiff's Second Amended Motion for a Default Judgment dated March 8, 2016.  (*See* Doc. 18).  In support of this Objection, Plaintiff respectfully states as follows:

**<u>Overview of Objection</u>**

The R&R is clearly erroneous and contrary to the law because, rather than granting Plaintiff a default judgment against a Defendant who failed to timely respond to a lawsuit filed in this Court, the R&R instead recommends that the Court dismiss this lawsuit.  Specifically, the R&R disputes whether Plaintiff's pleadings have sufficiently established individual coverage under the Fair Labor Standards Act and, as a result, recommends dismissal.  But, Defendant has never responded to -- *much less challenged* -- Plaintiff's allegations, including as to FLSA coverage.  By failing to respond to the Complaint, Defendant admits that Plaintiff was involved in commerce and that he is covered by the FLSA.  Likewise, by failing to respond to the

Complaint, Defendant also admits that it failed to pay the Plaintiff minimum wages and overtime compensation.

Plaintiff submitted a detailed sworn affidavit supporting the allegations in his Complaint and as to the judgment he is seeking. In similar cases involving entry of a default judgment for alleged violations of the provisions of the FLSA, this Court has relied upon such uncontroverted affidavits in support of an award of damages. The same outcome should follow here. *See, e.g., Shoultz v. Petroleum Technicians, Inc.*, No. 6:08-cv-1564-Orl-18DAB, 2009 WL 891913 (M.D. Fla. Apr. 1, 2009); *Bofferding v. C.J.'s Sandwich Shop, Inc.*, No. 8:08-cv-574-T-30TGW, 2008 WL 2952973 (M.D. Fla. July 30, 2008); *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008). Thus, Plaintiff respectfully submits that this Court should decline to adopt the R&R and instead should grant Plaintiff's Motion for a Default Judgment.

## MEMORANDUM OF LAW

### I.    Legal Standard for Objection.

After conducting a careful and complete review, a district judge "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review de novo those portions of the findings or recommendations to which objection is made. *Id.* Here, Plaintiff specifically objects to the R&R's finding that Plaintiff failed to establish that he is an "individual" covered under the FLSA. Plaintiff also objects to the portion of the R&R suggesting that dismissal is appropriate. Both findings are clearly erroneous and contrary to the law, as explained further below.

## II.    Argument.

### A.    Plaintiff Served Defendant Properly.

In accordance with this Court's Order dated February 24, 2016, Plaintiff filed an Amended Affidavit of Service explaining in detail how and why Defendant was served with process in accordance with Florida law. Specifically, on May 19, 2015, because Defendant's registered agent was not available, Plaintiff's process server served Ms. Kim Aitken, who is listed an "AMBR" member for Defendant, which means that she is a member of the LLC who is "authorized to manage and control" the company.[1]

### B.    Plaintiff's pleadings establish individual coverage under the FLSA.

According to the Eleventh Circuit, "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).    Plaintiff's Complaint and the Declaration filed in support of his Motion for a Default Judgment -- both of which contain allegations that must be accepted as true -- sufficiently plead and establish that Plaintiff is subject to the FLSA's "individual" coverage.

For an employee to be individually covered under the FLSA, that employee must be engaged in commerce or engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc*., 448 F.3d 1264, 1266 (11th Cir. 2006)  (citing 29 U.S.C. § 207(a)(1)). In the Complaint, Plaintiff alleged that he was "engaged in the production of goods for commerce." (Doc. 1 at ¶ 8).   Under the FLSA, an employee is "engaged in the production of goods for commerce" when he is employed in "producing, manufacturing, mining, handling, transporting,

---

[1] The R&R agrees with Plaintiff on the issue of service.  (*See* Doc. 19, p. 2, fn. 2).

[2] The R&R correctly points out that Plaintiff has not pled that Defendant is a covered "enterprise" under the FLSA

or in any other manner working on such goods or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203 (j). Although not defined by the FLSA, the term "handled," when used for individual FLSA coverage, has been defined by the Supreme Court to mean "***every kind*** of incidental operation preparatory to putting goods into the stream of commerce." *W. Union Tel. Co. v. Lenroot*, 323 U.S. 490, 503 (1945). (Emphasis added).

Plaintiff first supports the legal conclusion that he was engaged in the production of goods for commerce with the sworn allegation from his Declaration that he routinely and regularly used and/or handled items moving in the stream of commerce, including "including preparing various menu options that contain snow crab legs, non-native fish, and Cajun specialties." (Doc. 18-1, ¶ 7). Plaintiff's Declaration then goes on to again support the legal conclusion that he was engaged in the production of goods for commerce by stating he "routinely and regularly used kitchen equipment, utensils, and cleaning products that moved in the stream of commerce." (Doc. 18-1, ¶ 8). This is more than sufficient for Plaintiff to satisfy his burden to plead "individual" coverage under the FLSA, as explained by Judge Covington in *Anderson v. Cuenca Safety & Crime Prevention, Inc.*, 2013 U.S. Dist. LEXIS 146737, *7 (M.D. Fla. Oct. 9, 2013), "[b]y alleging [he has] handled goods, and describing those goods, Plaintiff[] allege[s] [he was] engaged in operations incidental to putting goods into the stream of commerce."

In fact, in other cases this Court has granted default judgments to plaintiffs based on far less detailed allegations, including, for example, in *Shoultz v. Petroleum Technicians, Inc.*, No. 6:08-cv-1564-Orl-18DAB, 2009 WL 891913 (M.D. Fla. Apr. 1, 2009). A copy of the *Shoultz* Complaint, Report and Recommendation, and above-cited Order are attached as Composite Exhibit A. Although the *Shoultz* complaint alleged both enterprise and individual coverage

under the FLSA, the allegations related to individual coverage in *Shoultz* are scant.  In the *Shoultz* Complaint, the allegations related to individual coverage merely stated that "Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant." (Composite Exhibit A, *Shoultz* Complaint, Doc. 1, ¶ 5).  Nevertheless, the R&R held as follows, "Here, the Complaint asserts that Plaintiff was employed as an hourly paid employee by the corporate Defendant; Defendant was an enterprise covered by FLSA and Plaintiff was engaged in interstate commerce as defined in FLSA; and that Defendants willfully violated the overtime compensation requirements of FLSA as Plaintiff regularly worked overtime hours but was not paid time and one half compensation (Doc. No. 1).  By virtue of the default, these well-pled allegations are deemed admitted." (Composite Exhibit A, *Shoultz* R&R, Doc. 20, p. 2).  The same outcome should follow here.  The only difference between this case, and *Shoultz*, in terms of coverage is that Plaintiff has not pled or tried to establish enterprise coverage.  But Plaintiff need only establish individual coverage to obtain the default he is seeking here.  In fact, in this case Plaintiff's allegations in terms of individual coverage are far more detailed than those found in *Shoultz*; thus, like in *Shoultz*, by virtue of the well-pled allegations included in Plaintiff's pleadings as to individual coverage under the FLSA they should be deemed admitted.[2]  The Court should then find that individual coverage under the FLSA has been established.

### C.    The Cases Cited to in the R&R are Distinguishable.

Unlike the cases cited above by Plaintiff in which Default Motions were granted in FLSA cases in which the Defendant failed to respond to the Complaint, including *Shoultz v. Petroleum Technicians, Inc.*, No. 6:08-cv-1564-Orl-18DAB, 2009 WL 891913 (M.D. Fla. Apr. 1, 2009),

---

[2] The R&R correctly points out that Plaintiff has not pled that Defendant is a covered "enterprise" under the FLSA with gross annual revenue of $500,000 or more.

*Bofferding v. C.J.'s Sandwich Shop, Inc.*, No. 8:08-cv-574-T-30TGW, 2008 WL 2952973 (M.D. Fla. July 30, 2008), and *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008), **none** of the cases cited to in the R&R involved motions for default judgment. Nor do they involve examples of cases where individual coverage was established as a result of a default by the defendant (as is the case here). Instead, in each case cited in the R&R, including *McLeod v. Threlkeld*, 319 U.S. 491 (U.S. 1943), *Martinez v. Jade Palace*, 414 Fed. Appx. 243 (11th Cir. 2011), *Licht v. Beta Eta Chptr. of Kappa Alpha Order*, 2010 U.S. Dist. LEXIS 15024, (W.D. Okla. Feb. 22, 2010), *Martin v. Briceno*, 2014 WL 2587484 (S.D.Fla. June 10, 2014), *Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646 *2 (S.D.Fla. Nov.30, 2007), *Monelus v. Tocodrian*, 598 F.Supp.2d 1312 (S.D.Fla. 2008), and *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F.Supp.2d 1309, 1312 (S.D.Fla. 2012), the defendants each responded to the respective complaints **and** disputed coverage. Here no such dispute exists. Defendant has not responded to the Complaint. Thus, individual coverage is not in dispute.

It should also be noted that other federal district courts outside of the Eleventh Circuit have held inapposite to the cases cited to in the R&R by holding that cooks, like Plaintiff here, are, in fact, "engaged in commerce" and subject to the FLSA's individual coverage. *Smith v. Nagai*, 2012 U.S. Dist. LEXIS 89352, 2012 WL 2421740 (S.D.N.Y. May 15, 2012) ("The term 'employee,' as defined in the FLSA includes restaurant cooks."); *Tae Kim v. Kum Gang*, 2015 U.S. Dist. LEXIS 39095 (S.D.N.Y. Mar. 19, 2015) ("As for plaintiff Zhe Y. Shen, as a cook he regularly prepared food for banquets, presumably including catering events, which occurred routinely out of state. That too should satisfy the individual-coverage provisions of the FLSA.") Because Defendant has not bothered to respond to the Complaint, this Court should reject the

6

cases cited in the R&R and, per *Smith* and *Tae Kim*, find that as a cook working for Defendant and handling out-of-state goods Plaintiff was subject to the FLSA's "individual" coverage.

*WHEREFORE*, Plaintiff respectfully requests that this Honorable Court decline to adopt any portion of the R&R and instead grant Plaintiff's Second Amended Motion for a Default Judgment.

Dated this 21st day of March, 2016.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL  33602
Main No.: 813- 224-0431
Direct No.: 813-379-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

LITTLE NEW ORLEANS 1 KITCHEN
AND OYSTER BAR L.L.C
c/o Registered Agent James D. Aitken
2731 Avenue S NW
Winter Haven, FL 3881

/s/ Brandon J. Hill
**BRANDON J. HILL**

7